# IN THE CIRCUIT COURT OF PRINCE GEORGE'S COUNTY MARYLAND

DR. SIMON BANKS, J.D. ]
P.O. BOX 17052 ]
WASHINGTON, D.C. 22302 ]
]
]
  Plaintiff ]
]
V. [ Case No. CAL17-11876
]
FREDERICK FAIR ]
2404 FRIENDSHIP HTS DR. ]
FORT WASHINGTON, MARYLAND 20744 ]
]
  Defendant ]  May 5, 2017

## COMPLAINT FOR TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF AND FOR DECLARATORY JUDGMENT AND FOR BREACH OF IMPLIED CONTRACT, QUASI-CONTRACT FOR QUANTUM MERMERUIT, AND QUASI-CONTRACT FOR UNJUST ENRICHMENT

### JURISDICTION

Dr. Simon Banks, Plaintiff, [hereinafter "Banks"], is now and has been a resident of the State of Maryland, Prince George's County, from on or about June 2012, at 2404 Friendship Heights Drive, Fort Washington, Maryland 20744, and this Court has statutory authority to adjudicate Banks complaint for injunctive and declaratory relief and for breach of implied contract, quasi-contract for quantum meruit; quasi-contract for unjust enrichment

1

## VENUE

Venue is proper pursuant to Md. Code Ann. (CJP) 6-201, and all events alleged occurred in Prince George's County, Maryland.

## PARTIES

Dr. Simon Banks, J.D., the father-in-law of defendant Fair; is a former administrative law judge, whom has represented federal employees throughout the United States, and in Okinawa, Japan, including attorneys, before federal administrative agencies which include the EEOC (29 C.F.R. § 1614.605;) the MSPB (5 C.F.R. § 1201.31), the DOL; and the U.S. OSC); from 1984 through 2004, business license in the State of Virginia, as a non-attorney representative pursuant the aforementioned and other laws of the United States, including pursuant to decision of the United States Supreme Court, *Sperry v. State of Fla.* 373 U.S. 379 (1963); *Augustine v. Department of Veterans Affairs*, 503 F.3d 1362 (Fed. Cir. 2007).

Defendant Frederick Fair, is a retired Lt. Col. Aviator, and the son-in-law of Banks, who returned to Afghanistan as a federal contractor with the United States Department of Defense, and repeated tours from 2012 through 2015.

## COUNT 1
## IMPLIED QUAISI CONTRACT

1. There is no written contractual agreement between Banks and the defendant.

2. After the defendant consulted Banks, a former Administrative Law Judge, On or about January 1 through 5, regarding his legal rights, as a federal employee; on or about January 6, 2012, the defendant, a former Lt. Col. United States Army, retained Banks to represent him in connection with his Title VII claim for discrimination in employment during his tour as a government contractor, before the United States Equal Employment Opportunity Commission **(EEOC)**, and in his claim for prohibited employment practices and disparate treatment, disability, and for whistle blowing retaliation; before the United States Merit Systems Protection Board, **(MSPB)**; and with the United States Office of Special Counsel **(OSC)** for violation of the Whistleblower Protection Act; and defendant further retained Banks to represent him before the United States Department of Labor **(DOL)**, in defendant's claims of violation of the Veterans Preference Act (VPA), and for violation of the Veterans Employment Opportunity Act; and for violation of the Uniform Services Employment Reemployment Rights Act (USERRA).

3. Banks has represented the defendant from 2012 through the present, and in 2016 Banks represented Frederick Fair at an administrative hearing before an administrative judge of the MSPB in connection with defendant's Veterans Employment Opportunity Act (VEOA)l; and Banks has filed appeals on behalf of the defendant before the U. S. Department of Labor, the U.S. Office of

Special Counsel; and Banks has filed appeals and appeal briefs in each of the defendant's appeals, which included his mixed-case equal employment opportunity act complaint and prohibited practice act appeal before the MSPB; and Banks has filed briefs on behalf of the defendant before the U.S. Office of Special Counsel.

4. .On January 6, 2012, Banks filed complaint on behalf of the defendant before the MSPB, the U. S. OSC, federal administrative agencies, and shortly thereafter before the U.S. Dep't of Labor

5. The defendant has not paid "one" penny against Banks' aforementioned services to and on behalf of the defendant which exceeds One Hundred Twenty-Thousand $120,000.00, at Banks established fee of $250.00 per hour. Banks has not served upon the defendant a copy of his bill for services rendered to date. The defendant is awaiting decisions in three of his appeals; his VEOA appeal, his WPA appeal, his retaliation appeal, his prohibited personnel Act appeal, and the defendant is awaiting a hearing before an EEOC administrative judge in connection with his EEOC appeal which resulted from the MSPB claim of lack of jurisdiction of the EEOC issue, which triggers the defendant's exhaustion right to proceed before the EEOC for an administrative hearing.

6. At all times relevant defendant knew of the benefit of Banks' professional services to him and was aware of Banks hourly fee rate.

7. At all times relevant defendant relied upon the services of Banks with clear understanding of the benefits received.

8. At all times relevant defendant knew and had reason to know that Banks had an expectation of compensation for services rendered.

9. At all times relevant defendant knew and had reason to know that he had a legal obligation to Banks to compensate Banks for the professional services that Banks' rendered, and Banks had such reasonable expectation as well.

10. At all times relevant the legal obligation and the doctrine of unjust enrichment governs the implied contractual relationship between Banks and the defendant, in connection with the services that Banks afforded and the defendant received.

11. The defendant breached the implied quasi-contract between he and Banks.

12. As a consequence of defendant being in receipt of the professional services that Banks bestowed upon the defendant during the period January 2012 to the present,, the defendant owes Banks for the quantum meruit of Banks' professional services at the rate of $250.00 per hour resulting in a total of some $120,000.00.

### COUNT II
### UNJUST ENRICHMENT

13. Banks incorporate by reference ¶¶1 through 12 as if pleaded fully and completely herein.

14. Banks conferred the above-referenced professional service upon the defendant.

15. There was an appreciation or knowledge by the defendant of the benefit that Banks conferred upon the defendant; and

16. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.

17. As a consequence of the defendant's breach of the contract between he and Banks, the Doctrine of Unjust Enrichment governs this implied agreement, and it would be unjust for the defendant to continue to fail to compensation Banks for the professional services that Banks performed on behalf of the defendant.

## COUNT III
## QUASI-CONTRACT FOR QUANTUM MERIUT

18. Banks incorporate by reference ¶¶ 1 through 17 as if pleaded fully and completely herein.

19. As a consequence of the defendant's breach of the implied agreement between Banks and the defendant for the professional services that Banks bestowed upon the defendant from 2012 to the present, the defendant owes Banks the quantum meruit of his services performed on behalf of the defendant.

20. At all times relevant, the defendant had expectations of Banks and appreciated Banks' professional services.

21. The totality of the circumstances shows that there existed an implied quasi-contract between Banks and the defendant.

22. The defendant breached the implied quasi-contract for quantum meruit, and owes Banks for professional services rendered.

**WHEREFORE**, Banks demands judgment for $120.000.00 plus interest.

### OATH

I, Simon Banks, Plaintiff hereby swears pursuant to the penalty of perjury, that the above-referenced statements contained in ¶¶1 through 22 and above, are true and correct upon my personal knowledge.

_____
Simon Banks

## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this complaint with summons was served upon Frederick Fair, at 2402 Friendship Hts Drive, Fort Washington, Maryland, 20744, via certified mail and/or personal service. See attached, document of verification of service.

*Simon Banks* /s/

Simon Banks, J.D., pro se
P. O. Box 17052
Alexandria, Va. 22302
571-447-3368