# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DR. SIMON BANKS, J.D. | * | |
| Plaintiff | * | |
| v | * | Civil Action No.: PX-17-1615 |
| | | (Related Civil Action No.: PX-17-1614) |
| FREDERICK FAIR, | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

The above-entitled breach of contract action was initially filed by Plaintiff Simon Banks in the Circuit Court for Prince George's County, Maryland on May 5, 2017. It is now pending in this Court by virtue of a Notice of Removal, also filed by Plaintiff Simon Banks, on June 12, 2017. ECF No. 1, *see also Banks v. Fair*, Case No. CAL17-11876 (Pr. George's Co. Cir. Ct.).[1] Banks filed a Motion to Proceed in Forma Pauperis (ECF No. 5) which shall be granted.

Banks asserts as a basis for removal that his breach of contract action against Fair is "inextricably intertwined with" a domestic violence proceeding that Banks also attempted to remove to this court. ECF No. 1, *see also Fair v. Banks*, Civil Action PX-17-1614 (D. Md.). In addition, Banks notes that he is now domiciled in a different state from Mr. Fair and that the case meets the requirements for invoking this Court's diversity jurisdiction. ECF No. 1. A motion to dismiss the complaint, filed by Mr. Fair, is now pending on the State court's docket. *See Banks v. Fair*, Case No. CAL17-11876 (docket entry June 6, 2017). The motion to dismiss was filed subsequent to the State court's denial of Banks's motion to set aside an Order of Protection entered in the domestic violence case. *See id*. at docket entry May 11, 2017.

---

[1] *See* http://casesearch.courts.state.md.us/inquiry.

Under 28 U.S.C. § 1441 a civil action filed in a State court is removable only if the United States District Court to which it is removed has original jurisdiction over the claims raised in the complaint. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C.A. § 1446(b) (emphasis supplied). As noted, Banks is the plaintiff in the underlying State case. Removal of a State case that asserts a federal claim is a tool reserved for the Defendant in the action filed. Here, Banks chose the forum in which to file his Complaint and subsequently changed his domicile. He cannot now rely upon his decision to leave the State as a basis for hauling the Defendant into this Court.

Moreover, Banks's assertion that this breach of contract action is inextricably entwined with the domestic violence charges lodged against him by Mr. Fair is not discernible from the papers filed. Thus, there is no necessity for joining this breach of contract claim with the claims concerned in the domestic violence case.[2] Accordingly, the case shall be remanded to the State court for all further proceedings as that court deems appropriate. A separate Order follows.

Dated: June 21, 2017                                /S/
                                                    Paula Xinis
                                                    United States District Judge

---

[2] By separate Memorandum Opinion and Order, the domestic violence cases will also be remanded to the State court. *See* Civil Action PX-17-1614